# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4113

_____

STEVE NORTON, an individual,
HUSK SIGNS, INC., an Indiana
corporation, and HUSK
COMPANIES, INC., an Indiana
corporation,

     Appellants,

     v.

AMERICAN LED TECHNOLOGY,
INC., a Florida corporation,

     Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John T. Brown, Judge.

April 30, 2018

PER CURIAM.

American LED Technology, Inc. ("American") brought suit against former employee Steve Norton, Husk Signs, Inc., and Husk Companies, Inc., making a number of allegations concerning Norton's departure from American. American moved for a temporary injunction against Norton based on two grounds: 1) violation of chapter 688, Florida Statutes (the "Uniform Trade Secrets Act" or "UTSA") and 2) violation of a valid non-compete agreement. Following a hearing, the trial court entered an order granting American's motion based on UTSA, noting that its findings were "separate and independent from any breach of

contract claim" and omitting any other reference to the non-compete agreement. The temporary injunction imposed certain requirements as to the trade secrets then under Norton's control and prohibited Norton from competing with American. We affirm the entry of a temporary injunction without further comment, but reverse the portion of the order enjoining Norton from competing in the industry, as UTSA does not authorize such relief.

UTSA requires courts to take reasonable steps to preserve the secrecy of trade secrets. § 688.006, Fla. Stat. These steps can include injunctive relief due to actual or threatened misappropriation, and even compelling parties to perform affirmative acts. § 688.003, Fla. Stat. But UTSA may not be used as a vehicle to restrict competition. *See Hatfield v. AutoNation, Inc.*, 939 So. 2d 155, 157 (Fla. 4th DCA 2006) ("The statute deals not with restrictive covenants and employment by a business' competition, but with misappropriation.").

In *East v. Aqua Gaming, Inc.*, 805 So. 2d 932, 935 (Fla. 2d DCA 2001), the trial court granted injunctive relief, prohibiting the defendant from using confidential information he improperly obtained and from competing with the plaintiff within the plaintiff's operating territory. The Second District Court of Appeal noted that the latter restriction went "beyond enjoining the use of misappropriated trade secrets" and held that, absent a valid non-compete agreement, the defendant "is free to engage in a competing business." *Id.*

American contends that *Hatfield*, 939 So. 2d at 155, demonstrates that courts do have discretion to restrain competition when granting injunctive relief under UTSA. In *Hatfield*, the Fourth District Court of Appeal affirmed an order granting a temporary injunction that "included a brief respite from employment as part of the court's fashioning a remedy that would aid [the plaintiff] in minimizing the potential damage by disclosure of time sensitive trade secrets." *Id.* at 157-58.

Here, the trial court's order prohibited Norton from engaging "in any business in direct competition with American" for the earlier of one year or the conclusion of litigation and contained no geographical limitations on this prohibition. We do not find one

year to be a "brief respite," like the time period in *Hatfield*. Further, there was no argument, and we see no evidence, that any trade secrets here are particularly time sensitive. In sum, American may not prohibit Norton from direct competition through the UTSA, and we reverse this portion of the order.

AFFIRMED in part, REVERSED in part and REMANDED.

RAY, BILBREY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Colleen Coffield Sachs, Robert Lee Kauffman, and Michael J. Henry of Dunlap & Shipman, P.A., Santa Rosa, for Appellants.

A. Benjamin Gordon and Darian Zamora of Keefe, Anchors & Gordon, P.A., Fort Walton Beach, for Appellee.